# Peterson *versus* The Union National Bank.

1. Drawing a check on a bank in which the drawer has no funds, and uttering it, is fraud; both on the person to whom it is negotiated and on the bank.

2. It is fraud in the holder of a check to present it for payment, when he knows the drawer has no funds in the bank to meet it.

4. The holder of a check deposited it in the bank on which it was drawn, knowing that the drawer had no funds to meet it; it was passed to the holder's credit and charged against the drawer. *Held*, that this was not payment of the check by the bank, and that the holder could not recover the amount from the bank.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit* by Pearson S. Peterson and Jesse White, Jr., under the firm of P. S. Peterson & Co., against the Union National Bank of Philadelphia. The writ issued August 15th 1865.

The claim of the plaintiffs was for the balance of their account on deposit with the defendants, which they alleged was $21,535.31. The defendants alleged that it was $9003 less than that sum.

On the 31st of July 1865, the plaintiffs made a deposit with the defendants, of cash and checks, amounting to $32,200, which amount was credited in the plaintiffs' book as cash. One of the checks was drawn on the defendants by Stamford & Houston for $9003, and endorsed by plaintiffs. Neither at the time of the deposit, nor since, were there to the credit of Stamford & Houston in the bank more than $657.37. Stamford, one of the firm, on the same day, and before the deposit was made, had absconded with a very large amount of the funds of the firm. The $9003 check was on the next day charged back to the plaintiffs. There was evidence tending to show that the plaintiffs, before they made the deposit, knew of the absconding of Stamford, and that in consequence the check would not be made good.

On the trial the defendant, under objection, was allowed to prove the hour when the deposit was made, and that the check was charged back to the plaintiffs, and credited to Stamford & Houston.

[Peterson *v.* Union National Bank.]

The plaintiffs were not allowed to prove by the receiving teller that when checks were deposited in the bank on other occasions, it was the custom of the bank, and the instructions to witness when receiving deposits, to examine the drawer's account to see if good, before they would pass such check to the credit of the depositor as cash, and when satisfied of it, to pass it to the credit of depositor, against which he, depositor, had a right to draw ; nor that the defendants on other occasions had received from plaintiffs checks on their own bank on deposit as cash, and allowed them to draw against it as cash.

To these rulings the plaintiffs excepted.

The court (Sharswood, P. J.) refused to charge as requested by plaintiffs : That on the whole evidence the plaintiffs are entitled to recover, and that there is no evidence of any fraud on the part of the plaintiffs.

And charged amongst other things :—

" The simple question then is, did the plaintiffs know that Stamford & Houston had not the money there. I have been asked to say there is no evidence of this ; but there is some evidence of this, raising the question of fact, on the determination of which depends your verdict.         *         *         *

" It is for the jury to say whether Houston did communicate to White that there were no funds in bank, and was this before the deposit of the check."

The jury found for the plaintiffs $12,767.33, disallowing the check.

The plaintiffs took a writ of error, and assigned for error the rulings as to evidence, and the charge of the court as above stated.

*F. C. Brewster* and *H. M. Phillips,* for plaintiffs in error.— Crediting the check to the plaintiffs was a payment in good faith : Levy *v.* Bourk, 4 Dall. 236 ; s. c. 1 Binn. 36 ; Bogart *v.* Nevins, 6 S. & R. 374 ; Bayard *v.* Shunk, 1 W. & S. 92.

Whenever money is received with good conscience, without deceit or unfair practice, it cannot be recovered back even if paid in mistake : Taylor *v.* Commissioners, 3 Penna. R. 112 ; Morris *v.* Tarin, 1 Dall. 148 ; Irvine *v.* Hanlin, 10 S. & R. 219 ; 2 Johns. Ch. R. 60.

Allowing the defendants to prove the hour of the day at which plaintiffs made their deposit was error, because independently of making the fractional part of a day evidence, it opened the case to the occurrence of a particular moment over which the plaintiffs had no control or participation. It was no element in a question of fraud, and no fraud was proved.

The second and third exceptions embrace offers which were

[Peterson *v.* Union National Bank.]

evidence, for they went to rebut any presumption of fraud. They were evidence of notice to and negligence of the defendants.

The charging back the check to the plaintiffs, and crediting it to Stamford & Houston, were acts in which the plaintiffs had no part, and of which they had no knowledge; and evidence of these, therefore, was improperly admitted.

If there had been evidence that plaintiffs knew that Stamford & Houston had no money on deposit, it would not matter, for they were bound to present the check. This was in the regular course of business. The power of examining the accounts was all with defendants. The drawer of the check might honour it for the credit of the drawer who has no funds with him, and then the check would be fully paid; an omission to present might damage the holder.

*B. H. Brewster*, for defendant in error.—A banker. who receives a check drawn on himself without observation, being also the banker of the holder, is not held as having promised to pay it, but as the holder's agent for collection: Mechanics' Bank *v.* Earp, 4 Rawle 385–93; Boyd *v.* Emerson, 2 A. & E. 184; Kilsby *v.* Williams, 5 B. & Ald. 816.

It would have been fraud to present the check, even to the paying teller, without warning him that Stamford had absconded.

Proof of the hour of the deposit was pertinent, and necessary to show that it was made after plaintiffs knew of Stamford absconding.

What the defendants did on other occasions, upon receiving checks on deposit, has nothing to do with this, and was entirely irrelevant.

The continued credit of the check to plaintiffs, and charge of it against Stamford & Houston, would be evidence of payment of it, after the bank had knowledge of the error.

On the points in the case, the following authorities were cited: True *v.* Thomas, 16 Maine 36; Hoyt *v.* Seely, 18 Conn. 353; Byles on Bills 15; Chitty on Bills 230; Fernandes *v.* Glynn, 1 Campb. 426, in notes; Turner *v.* Mead, 1 Stra. 416; Wetherill *v.* Bank of Pennsylvania, 1 Miles 399; Lancaster Bank *v.* Woodward, 6 Harris 357; Girard Bank *v.* Bank of Penn Township, 3 Wright 92; Adams' Equity 142; Addison on Contracts 61; Union Mills *v.* Alderbury, 3 Exch. 590; Chitty on Bills 137*; Martin *v.* Morgan, Gow's Rep. 123; s. c. 3 Moore 635.

The opinion of the court was delivered, March 26th 1866, by Strong, J.—That the check of Stamford & Houston was not actually paid is a conceded fact. No more is claimed than that the bank paid it in legal effect, by charging it to the drawers, and crediting its amount to the plaintiffs. But what of that? Surely

it needs no argument to prove that the plaintiffs can retain no credit obtained by their fraud. The drawing a check upon a bank in which the drawer has no funds, and uttering it, is a fraud. It amounts to a false affirmation, that the money is there to meet it. Hence, it is a deceit practised upon any person to whom the check may be negotiated, and equally upon the bank upon which it may be drawn. It is manifestly impossible for the officers of a bank to keep ever in memory the state of each depositor's account. To a certain extent confidence is reposed in the depositor, that he will not present for payment a check which he has not provided funds to meet, and the abuse of that confidence is dishonest. It is not easy to see how it is less dishonest in the holder of a check drawn by another to present it for payment, when he knows the drawer has no funds in bank to meet it. His knowledge makes him a party to the fraud of the drawer, and he becomes a willing assistant therein.

It was therefore a most important inquiry in this case, whether the plaintiffs, at the time when they sent the check to the bank to be credited to their account, knew that Stamford & Houston, the drawers, had no funds there to meet it. If they had such knowledge, they made themselves parties to the false affirmation of the drawers, and thus secured the credit which they seek now to enforce. And we are of opinion that the case was correctly submitted to the jury. The evidence was that the check was presented after 1 o'clock, and there was very considerable evidence that before that hour the plaintiffs had been informed that the drawer would not make the check good. It would then have been gross error had the court directed a verdict for the plaintiffs, or refused to submit to the jury the question whether the check was fraudulently presented, that is, presented with knowledge that Stamford & Houston had no funds in bank to meet it—knowledge withheld from the officers of the bank. The principal case relied upon by the plaintiffs, Levy *v.* The Bank, 4 Dall. 236, and 1 Binn. 36, is distinguishable from the present by the very important fact that the depositor there was ignorant of the worthlessness of the check when he deposited it, and obtained a credit for its amount.

We hold then, that the exceptions taken to the charge of the learned President of the District Court are all unfounded. And so are the exceptions to the admission and rejection of evidence. They are all unimportant except the first, and that will appear from what has been said to be unsustainable. It certainly was a material fact, that the deposit of the check was not made until after the plaintiffs had been informed that one of the drawers had gone away, and that the check could not be met.

The second, third, fourth and fifth assignments of error may be dismissed, with the remark that they are immaterial. Even if

2 P. F. Smith—14

[Peterson *v.* Union National Bank.]

there was error in the rulings of the court referred to, which we do not admit, it was entirely harmless.

The judgment is affirmed.