# Federal Deposit Insurance Corporation, Appellant, *v.* Ciaffoni.

Argued April 13, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Jay W. Troutman,* with him *Royal L. Coburn,* General Counsel, and *John L. Cecil,* Assistant General Counsel, for appellant.

*M. D. Rosenberg,* with him *Bloom, Bloom & Yard,* for appellee.

OPINION BY HIRT, J., July 13, 1954:

This case was before the lower court on defendant's motion for judgment on the pleadings, consisting in the Complaint, the defendant's Answer, and the plaintiff's Reply to New Matter. In entering judgment for the defendant the court adopted his contention that plaintiff's claim is barred by the Statute of Limitations of March 27, 1713, 1 Sm. L. 76, 12 PS §31. With this conclusion we are unable to agree. More than a moral obligation is charged; facts imposing legal liability on the defendant are sufficiently pleaded.

These in substance are the plaintiff's averments: Federal Deposit Insurance Corporation on October 7, 1950, purchased the assets of First National Bank in Cecil in the interests of the depositors of that bank. The defendant, between January 2, 1940 and February 24, 1941 had executed and delivered to various persons twenty-seven checks drawn on First National Bank in Cecil. The checks were negotiated by the payees and were paid by the bank on presentation. The bank however did not charge any of the checks on the books of the bank against the defendant in his deposit account. The total of defendant's twenty-seven checks so paid by the bank amounted to $616.31. The First National Bank in Cecil was never reimbursed for the funds of the bank which paid the checks, and when defendant refused to make good the loss on the demand of the plaintiff, this suit was brought to recover the above amount with interest. The Answer of the defendant, in legal effect, admits the averments of the Complaint. The statute of limitations was pleaded under New Matter by the defendant as a bar to the action. This was the sole defense raised by the Answer. Plaintiff

in reply averred: "1. The Defendant had insufficient funds on deposit in First National Bank in Cecil to cover payment of the checks upon which the cause of action is based, payment thereof by the Cashier of said bank was a fraudulent diversion of bank funds, neither the amount of said checks nor any part thereof was ever charged against any funds of the Defendant on deposit in said bank and the benefits the Defendant received thereby were the result of the illegal acts of said Cashier. . . . 2. The Defendant knew or should have known that he had insufficient funds on deposit in First National Bank in Cecil to cover payment of said checks, and that payment thereof by said Cashier was illegal and fraudulent; that the Defendant continued to draw said checks and to receive the benefits from the payment thereof which he knew or should have known resulted from embezzlements by said Cashier; that said Cashier artfully concealed his embezzlements by false entries on the bank's records, and as said Cashier exercised general management of the bank's affairs said embezzlements were not discovered until after the death of the Cashier on September 25, 1950." On these grounds plaintiff contended that the defendant by his conduct is estopped from invoking the Statute as a bar to this action.

A bank, through inadvertence or even by intention may honor checks of a depositor who has insufficient funds in his account for their payment. And if such checks are charged on the books of the bank to the depositor's account the law implies an agreement on his part to make good the overdraft. An overdraft allowed is a loan due on demand. *Hennessy Bros. & Evans Co. v. Memphis Nat. Bank*, 129 Fed. Ann. 557. Accordingly the above Statute of Limitations controls the right of action by a bank for repayment of an overdraft and ordinarily suit will be barred after six years.

The rule however is not of universal application; there are exceptions. Fraud entering into the transaction and the concealment of it, are elements which toll the running of the statute. *Smith v. Blachley,* 198 Pa. 173, 47 A. 985. Where the initial fraud is concealed, the statute does not begin to run "until discovery, or when there might have been discovery had reasonable diligence been exercised": *Ebbert v. Plymouth Oil Co.,* 348 Pa. 129, 137, 34 A. 2d 493.

The cashier's acts in paying the checks over a period of more than one year without charging them to defendant's account were fraudulent. But the lower court erred in imputing notice of his fraud to the bank and in holding that the statute of limitations barred this action for that reason. The use of the bank's funds by the cashier, in itself, did not make the bank a party to the illegal transactions. There is no averment that any executive officer of the bank, other than the dishonest cashier himself, had knowledge of the unlawful diversion of funds of the bank. Since the cashier's interests were adverse to those of the bank and no innocent third party was harmed, the bank is not bound by its agent's fraudulent acts. Restatement, Agency, 282(1). The statute therefore did not begin to run in this case, under the averments of the pleadings, until after the death of the cashier on September 25, 1950, when his fraudulent use of the bank's funds first became known to the bank. *Bailey et al. v. Jacobs,* 325 Pa. 187, 189 A. 320.

However it does not necessarily follow because the cashier's act tolled its operation as to him that therefore this defendant is also estopped from pleading the statutory bar. If the defendant was a party to the cashier's fraud or if the circumstances will disclose that he deliberately sought to benefit by the cashier's wrongful acts, then and then only will the bar of the statute be unavailable to him. The question remains therefore

whether the averments of the plaintiff's reply are insufficient as a matter of law to prevent the running of the statute of limitations as to the defendant. On the well established principle that judgment on the pleadings may be entered only where the right is clear and free from doubt (*Rohm & Haas Co. v. Lessner*, 168 Pa. Superior Ct. 242, 77 A. 2d 675; *London v. Kingsley*, 368 Pa. 109, 81 A. 2d 870) we are agreed that judgment was improperly entered against the plaintiff in this case.

The record before us sheds no light on the extent of defendant's deposits or withdrawals during the 13 months of the overdrafts. Obviously those facts, which must await development at the trial, will have an important bearing on the question of notice to the defendant. Did he receive periodic bank statements showing the current condition of his account? Such statements would have revealed that checks drawn by him had not been charged to his account. Were there other circumstances which put defendant on notice that the reason his balance failed to reflect his 27 overdrafts was that some one in the bank was concealing the true state of his account from the bank? As stated by the Supreme Court in *Peterson v. The Union National Bank*, 52 Pa. 206, 209: "To a certain extent confidence is reposed in the depositor, that he will not present for payment a check which he has not provided funds to meet, and the abuse of that confidence is dishonest." Accordingly if it should appear at the trial that defendant deliberately sought to benefit by the cashier's dishonest acts and fraudulent concealment thereof by continuing to draw checks without sufficient funds, the defendant will disclose himself as a party to the fraud and will be estopped from relying on the bar of the statute of limitations under the circumstances.

Judgment reversed with a procedendo.