**Mike YATZOR, Plaintiff,**

v.

**Herbert ALLEN et al., Defendants.**

**Civ. A. No. 73–63 Erie.**

United States District Court,
W. D. Pennsylvania.

Nov. 8, 1973.

As Amended Dec. 20, 1973.

Jerome Hahn, Washington, Pa., for plaintiff.

John G. Gent, James F. Toohey, Erie, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiff has filed an action alleging jurisdiction under the Civil Rights Acts [1] on a cause of action arising out of his dismissal from the post of part-time police officer in Washington Township, Erie County, Pennsylvania. The defendants have moved to dismiss on various grounds, the one presently before us being the bar of the statute of limitations. Because the moving parties presented evidentiary material with their motion we considered the motion to dismiss as one for summary judgment under Fed.R.Civ.P. 56 and allowed the plaintiff additional time to present evidentiary material in opposition to the motion to dismiss.

■ There is no dispute between the parties that the Pennsylvania six year statute of limitations for actions in assumpsit [12 P.S. § 31] would govern this cause of action because plaintiff's claim is basically a claim for unlawful termination of his contract of employment. Actions in federal court under the Civil Rights Acts are governed by the statute of limitations of the state on the most analogous cause of action. Henig v. Odorioso, 385 F.2d 491 [3rd Cir. 1967].

The controlling chronology is as follows:

On April 7, 1962 plaintiff was hired by the Township as a part-time police officer. He was the sole police officer employed by the township and was designated Chief of Police. Compensation was at first on an hourly basis and after 1965 at a salary of $100 per month. On January 7, 1967, the first meeting of the Township Supervisors for the year 1967, the plaintiff rendered his police report and stated, being the first month of the year, it would be necessary to move to renew for his services for the year 1967. The minutes of the meeting of the Township Supervisors reflect "no action

taken and so notified." He was informed that his services were no longer needed. Plaintiff was not paid thereafter. There was considerable negotiation between his attorney and the Township Supervisors and its Solicitor over the question of his employment. On March 21, 1967, plaintiff's attorney wrote and asked the Township that a written statement of charges against plaintiff be furnished and that a hearing be given him before the Supervisors. On August 3, 1967, plaintiff filed an action in the Court of Common Pleas of Erie County, Pennsylvania, at No. 596 September Term, 1967, based on the Police Tenure Act, 53 P.S. 811. The action continued in the Court of Common Pleas until May 15, 1970 when it was dismissed by opinion and order of that Court. Thereafter, a series of appeals to the Supreme Court of Pennsylvania and the Commonwealth Court of Pennsylvania were pursued, finally, concluding in an Opinion and Judgment against the plaintiff on the merits by the Commonwealth Court on April 27, 1972, and a refusal of allocatur by the Supreme Court of Pennsylvania on July 7, 1972. See Yatzor v. Showman, et al. Commissioners of Washington Twp., 5 Pa.Cmwlth. 291, 290 A.2d 425 [1972].

The present action in this court was filed July 27, 1973.

It would appear that the first action which damaged the complaining party was the failure of the Township Supervisors to pass the resolution renewing his employment on January 7, 1967. He was not paid thereafter and he and his attorney continued to make representations to the Township Supervisors about the renewal of his employment which produced no action satisfactory to the plaintiff and resulted in the filing of the state court action on August 3, 1967. The complaint in the state court action recites:

"VII. That on January 7, 1967, the said defendants Herbert Allen and

1. 28 U.S.C. § 2201 et seq. is not a grant of jurisdiction but merely provides for a remedy of declaratory judgment on cause of action within the court's jurisdiction.

Glenn Shields, advised your petitioner that neither he nor his services were needed any longer and that he was through."

The complaint filed in the state court further alleges:

"XIII. That your petitioner was illegally removed from his position as Chief of Police."

It is apparent that as of August 3, 1967 the plaintiff realized that his employment had been terminated as of January 7, 1967, and that efforts at conciliation or compromise were unavailing and that he was required to resort to the courts for any remedy that might be available.

We have given the plaintiff every opportunity to produce evidentiary materials showing that there is a genuine issue of material fact with respect to the defense of the statute of limitations raised by the defendants. After the initial hearing on the motion to dismiss we allowed further time for discovery and production of documents on this issue. We did not allow the plaintiff to conduct depositions of parties defendant or witnesses because we were of the opinion that the existence of a genuine issue of material fact could be established by affidavits or other documentary material. Plaintiff's burden in this respect is not great and the existence of evidence which would show a genuine issue of material fact as to the statute of limitations can clearly be established by affidavits of knowledgeable parties if such evidence exists. The plaintiff has now produced supplemental and additional affidavits and a supplemental brief devoted solely to the issue of the statute of limitations.

■ The plaintiff attempts to show by his supplementary affidavits and to argue in his brief that the statute of limitations could not have started to run against him on January 7, 1967 because the failure to continue his employment on and after that date was not proper under the statutes of the Commonwealth of Pennsylvania and that, therefore, no discharge from employment took place at that date. However, this was the subject of the litigation in the courts of Pennsylvania which was ultimately decided against the present plaintiff. He was aware in 1967 that the Supervisors of Washington Township no longer considered him to be employed and he no longer received his compensation. He alleged in the complaint filed in the Court of Common Pleas that he had been illegally discharged on January 7, 1967. The state court litigation continued from August 3, 1967 until the final refusal of allocatur by the Pennsylvania Supreme Court on July 7, 1972. Plaintiff was aware at that time that he had no further possibility of relief from the state courts and if he had any cause of action in this court he would have until January 7, 1973 to file any complaint on that cause of action. He filed the present complaint on July 6, 1973, six months after the expiration of the statute of limitations on a cause of action that arose on January 7, 1967.

■ The plaintiff avers that since he was never properly discharged he has a continuing cause of action for back pay for each and every month that he had been deprived of employment and compensation from January 7, 1967 until the present date. We find this argument untenable in that plaintiff's cause of action accrued at the time when a particular act was done which caused him damage. Auld v. Mobay Chemical Co., 300 F.Supp. 138 [W.D.Pa.1969]. This act has been established by the evidentiary materials to have occurred on January 7, 1967 and the plaintiff recognized this was so in his pleading filed in the state court action.

■ Plaintiff argues that his cause of action was concealed from him by actions of the defendants and that therefore they are estopped to plead the statute of limitations during this period of concealment. However, we again regard the institution of the state court action in August 1967 as conclusive evidence that the plaintiff was aware of the actions and the position of the defendants

and of his inability to effect any settlement with them over this dispute without recourse to a lawsuit. All during this period plaintiff was represented by counsel who were prosecuting his state action and its various appeals.

■ Another contention of the plaintiff in response to the defense of the statute of limitation is that representations were made to the plaintiff and to his counsel over a considerable period of time that an amicable settlement of the matter might be reached and that he relied upon these representations in failing to file the present action before the statute of limitations expired. Again we find this completely untenable in that the plaintiff did not delay in taking legal action but on the contrary began his lawsuit contesting the legality of the termination of his employment on August 3, 1967, within eight months of the dismissal. Furthermore, we can find no evidentiary support for any contention that the plaintiff was misled into a failure to file the present cause of action by any representations made by the defendants after the final termination of his state court appeals on July 7, 1972. All of the supplementary affidavits filed by plaintiff after the initial argument on this motion refer to negotiations for settlement up to the time of the decision of the Court of Common Pleas of Erie County on May 15, 1970. Even after the exhaustion of all rights of appeal plaintiff still had six months within which to file the present cause of action in this court before the bar of the statute of limitations. There is no support in any evidentiary material that he was further impeded in the filing of this suit. Actually, his complaint was not filed in this court until July 6, 1973, almost one year from the date of final dismissal of his state court appeals.

"[T]he mere pendency of . . . negotiations for the adjustment of a controversy does not toll the statute of limitations."

> Clifton Products, Inc. v. United States, 169 F.Supp. 511, 513, 144 Ct.Cl. 806 [1959].

"[T]he statute of limitations is not tolled by attempts to obtain . . . relief through . . . negotiation."

> Fattore v. United States, 312 F.2d 797, 800, 160 Ct.Cl. 666 [1963].

"The Statute of Limitations in Pennsylvania is only tolled by active and continuing fraud concealed by the perpetrator thereof until the victim knows or has reason to know or investigate the circumstances. Rush v. Butler Fair & Agricultural Assoc., 391 Pa. 181, 137 A.2d 245 (1957); Federal Dep. Ins. Corp. v. Ciaffoni, 176 Pa.Super. 91, 107 A.2d 211 (1954). Mere mistake, misunderstanding, or lack of knowledge is not sufficient to toll the running of the statute. Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963)."

> Iacaponi v. New Amsterdam Casualty Co., 258 F.Supp. 880, 883, 884 [W.D. Pa.1966], affd. 379 F.2d 311 [3rd Cir. 1967].

"Counsel for the plaintiffs has not cited, nor has the Court's research disclosed, any Pennsylvania authority to support the contention that the limitation period commenced to run only after the termination of efforts to remedy the claimed defect."

> Smith v. American Flange and Manufacturing Co., 139 F.Supp. 917, 919, 920 [S.D.N.Y.1956].

The plaintiff has supplied the court with a great mass of evidentiary materials and a very extensive brief attempting to show why the bar of the statute of limitations should not be applied against him but we can find nothing in any of the evidentiary material that produces a genuine issue of material fact on the question of the bar of the statute of limitations.