## Genesis Underwriting Management Co. v. Insurance Management & Services Inc.

*John J. Klemyer,* for plaintiff.
*John T. Stich,* for defendant.

THOMSON, *P.J.,* December 22, 1994—

### PROCEDURAL BACKGROUND

On October 20, 1992, plaintiff, "GUMCO," filed a complaint against defendant, Insurance Management & Services Inc. "IMS." On July 14, 1994, GUMCO filed an amended complaint against IMS, Donald W. Kayton

and Richard H. Kayton. On August 25, 1994, defendants filed preliminary objections to the amended complaint because plaintiff had not sought leave to amend the complaint in accordance with Pa.R.C.P. 1033. On October 17, 1994 plaintiff answered defendants' preliminary objections and also filed a motion for leave to file amended complaint nunc pro tunc and for leave to join defendants. On November 21, 1994, argument was held on motion for leave to file amended complaint.

## DISCUSSION

The question to ask whenever there is an amended caption to a complaint is *"whether the right party was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party."* Paulish v. Bakaitis, 442 Pa. 434, 440, 275 A.2d 318, 321 (1971), citing *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73 (1947). (emphasis added) An amendment after the statute of limitations has expired is permissible to correct the name of a party, such as amending the name of a company from a corporation to a partnership. *Id.* However, *"[a]n amendment of the complaint, after the statute of limitations has run to bring in a new and distinct party to the action cannot be permitted."* Gilbert v. School District of Philadelphia, 98 Pa. Commw. 282, 287, 511 A.2d 258, 260 (1986), citing *Cianchetti v. Kaylen*, 241 Pa. Super. 437, 441, 361 A.2d 842, 843 (1976). (emphasis added) In particular, it is impermissible to allow a post-statute of limitations amendment of a caption originally naming only a company to also include an individual member of the company who would not

be held personally liable for a judgment against the company. *Waugh v. Steelton Taxicab Co.*, 371 Pa. 436, 440, 89 A.2d 527, 529 (1952).

In the instant case, plaintiffs are not correcting the name of a party, but rather, they are attempting to add Donald W. Kayton and Richard H. Kayton as parties to the lawsuit. Since an amendment of a pleading adding a new party may not take place after the expiration of the statute of limitations, we must determine the limitations periods applicable to this case.

Two counts of the amended complaint assert that the individually-named defendants acted negligently when dealing with the funds of GUMCO. Negligence is governed by a two-year statute of limitations. 42 Pa.C.S. §5524(7). Therefore, the negligence claims against the Kaytons should be dismissed as untimely.

In addition to negligence, the plaintiffs have asserted several counts of fraud, fraudulent conversion, breach of fiduciary duty and corporate veil against the Kaytons. A two-year statute of limitations applies to fraud claims. 42 Pa.C.S. §5524(7). See *Maillie v. Greater Delaware Valley Health Care,* 156 Pa. Commw. 582, 590, 628 A.2d 528, 532 (1993). Breach of fiduciary duty is governed by the two-year statute of limitations for fraud. *Id.* Since the counts of corporate veil specifically allege fraud and breach of fiduciary duty, they also fall under the statute of limitations for fraud.

Plaintiff relies on *Bohus v. Beloff,* to assert that the statute of limitations for fraud runs from the date that the claimant knew or should have known of the fraudulent acts and not from the date the alleged acts were committed. *Bohus v. Beloff,* 950 F.2d 919 (3rd Cir. 1991). Plaintiff fails to mention that this is the standard to be applied when fraudulent concealment has been asserted by the

plaintiff. If a claimant proves fraudulent concealment by clear and convincing evidence, the statute of limitations is tolled until the claimant knew or should have known of the claim. *Bohus* at 925-26. See also, *Federal Deposit Insurance Corporation v. Ciaffoni,* 176 Pa. Super. 91, 107 A.2d 211 (1954). Plaintiff in the instant case has not established any acts of fraudulent concealment by the defendants. As a result, the statute of limitations has not been tolled and the claims of fraud, fraudulent conversion, breach of fiduciary duty and corporate veil brought against the Kaytons should be dismissed as untimely.

Plaintiff has asserted counts of breach of contract and racketeering against the Kaytons, who have admitted that these claims are timely filed. As a result, plaintiff should be granted leave to amend the complaint to include the contract and racketeering claims against the Kaytons.

### ORDER

And now, December 22, 1994, plaintiff's motion for leave to file amended complaint nunc pro tunc and for leave to join defendants is hereby granted in part and denied in part:

Counts X and XVI (negligence) shall be dismissed as untimely.

Counts VI, VII, IX, XI, XII, XIII, XV and XVII (fraud, breach of fiduciary duty, fraudulent conversion and corporate veil) shall be dismissed as untimely.

Plaintiff is granted leave to amend the complaint to include Counts VIII, XIV, XVIII and XIX (breach of contract and racketeering).