Deskins *v.* West Brownsville Borough,
Appellant.

Argued March 20, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

548

*Austin J. Murphy, Jr.,* for appellant.

*William C. Porter,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 22, 1957:

In 1936 the Borough of West Brownsville employed a policeman for a two-year period to engage in the normal activities of police officer for the Borough. Every two years thereafter, at its organizational meeting in January, the Borough Council regularly acted on applications for this post and made appointments. In January 1956, Mell Deskins, who had held the position since 1950, submitted his application, as he had done in previous years, along with those of several others. The Council, however, deferred action on the application until February when it selected two others as special policemen. Deskins, relying on the Police Tenure Act, Act of June 15, 1951, P. L. 586, 53 P.S. §352.1-352.5 (Supp.), thereupon petitioned the Court of Common Pleas of Washington County to order his reinstatement as a full time police officer. From the order of the court granting the relief sought, the Borough prosecutes this appeal.

The Police Tenure Act provides, *inter alia*: "No person employed as a *regular full time police officer* in any police department of . . . any borough . . . within the scope of this act, shall be suspended or removed except for the following reasons: (1) physical or mental disability . . .; (2) neglect or violation of any official duty; (3) violating of any law of this Commonwealth . . .; (4) . . . conduct unbecoming an officer; (5) intoxication while on duty. A person so employed

shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed." Act of June 15, 1951, P. L. 586, §2, 53 P.S. §352.2 (Supp.). (Emphasis supplied).

Legislation to the date of this Act "only partially endorsed and granted police tenure. In boroughs, incorporated towns and townships of the first class, job tenure was limited to police forces of three or more members and in townships of the second class no job tenure was provided, whatever might be the size of the police force. Evidently to remedy an obviously inequitable situation, the legislature in 1951 passed the Police Tenure Act [cit. omitted], which extended tenure to police forces of less than three members in boroughs, incorporated towns and townships of the first class and to all police forces of townships of the second class, regardless of the number employed. This was an expression of public policy to grant job tenure to all police employed by such municipalities regardless of their political classification. The desirability of granting employment security has long been recognized as mutually beneficial to employer and employe." Mr. Justice CHIDSEY in *McCandless Township v. Wylie,* 375 Pa. 378, 382-383, 100 A. 2d 590 (1953).

The Borough appeals on the ground that Deskins was not a "regular, full time police officer." That Deskins was a "full time" employe is conceded, and the evidence discloses that he was in uniform for 10 hours a day and on call for the entire 24. However, the Borough argues that Deskins' two-year limited employment contract prevented him from achieving the status of a "regular" employe. They would have us read the word "regular" as requiring a permanent or indefinite term of employment. The purposes of the legislation

and the policy it serves leads us to reject their contention. We believe that by the phrase "regular . . . police officer" the legislature meant to refer to the nature of the job held and the character of the work performed rather than the length of service contracted for.

The legislature recognized that boroughs and other municipalities may require police officers for casual employment on account of special or temporary circumstances, unusual conditions, and emergencies. Employes so hired would not be protected by the Act under this test. But when the post and the duties thereof are normal ones in the administration of the municipal policing function, the tenure protection of the Act shields the employe.

To construe the statute so as to uphold the position of the Borough Council would result in the emasculation of the protective provisions of the Act. Any municipality would be at liberty to nullify effectively the tenure law by simply appending time limitations to police employment contracts. We will not presume the legislature intended such an unreasonable result. Act of May 28, 1937, P. L. 1019, §52, 46 P.S. §552.

In the present case the post of police officer has been in existence for over twenty years; thus, it cannot be argued that this position was created to meet unusual conditions or temporary circumstances. Moreover, the appellants concede that Deskins performed all the normal and customary duties of a police officer. Accordingly, we hold that the position to which Deskins was appointed was regular and full time; hence, Deskins is secure in his tenure, and can only be removed in accordance with the procedure set forth in the Act.

Order affirmed.