## Homer Dismissal Case.

Argued March 22, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Emil R. Pecori,* with him *John Regis Vlha,* for appellant.

*John E. Evans, Jr.,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 23, 1961:

Max Homer was hired as chief of police of Stowe Township, a first class township in Allegheny County in June, 1940. He rendered uninterrupted service in that position until March 19, 1959, when the township commissioners passed an ordinance abolishing the office of chief of police. On May 1, 1959, the commissioners by motion dismissed Homer from the police force. He demanded a hearing before the civil service commission which, after an uncalled-for delay of several months, sustained his dismissal and found him guilty of neglecting to report for duty. Upon appeal to the County Court of Allegheny County, the order of the commission was reversed and his reinstatement to the police force ordered. From that order, the township appeals.

The lower court, after extensive hearings, concluded that Homer rendered uninterrupted and efficient service to the township as it chief of police for a period of several years; that he enjoyed civil service status, having qualified in the year 1947[1] by successfully passing a required physical and noncompetitive examination and his eligibility being certified for the position by the civil service commission to the township commissioners; that the ordinance abolishing the position of chief of police stemmed from political reasons only; that he was not guilty of wilfully neglecting to report for duty; that his dismissal from the force was without legal justification.

Not only is the evidence sufficient to support the findings of the **lower court,** but any other conclusion would be contrary to truth. The record clearly manifests an effort **on the part of** the present ruling body of the township to remove from office an efficient police officer without legal cause. One of the commissioners, who participated in the commission's actions aimed at Homer, testified that it was purely for political reasons. This testimony was uncontradicted. The solicitor, who advised against it for legal reasons, was immediately discharged. These and similar contemporaneous incidents pointedly make clear the motives behind the abolishment of the office of chief of police and Homer's subsequent dismissal from the force. Such action is illegal and contrary to the provisions of the Act of

---

[1] Homer was first employed in June 1940. The Police Force Civil Service Act giving civil service status to all members of first class township police forces having three or more members was enacted June 5, 1941, P. L. 84, §1, 53 PS §53251 et seq. On May 27, 1949, The First Class Township Code was amended so that as of that date all permanent appointed members of the police force, including the chief of police, were given civil service status without the requirement of taking an examination. See §20 of the Act of May 27, 1949, P. L. 1955, 53 PS §55646.

June 24, 1931, P.L. 1206, §644, added by Act of May 27, 1949, P.L. 1955, §20, 53 PS §55644.

It is contended that Homer resigned his position on February 10, 1958, and thereby lost his civil service status previously acquired. It appears that on that date he did submit a written resignation to the township commissioners and was immediately rehired without any interruption in his service or employment. This occurred, through mutual prearrangement, in order to eliminate any question that might possibly be raised from the fact of his having previously served as chairman of a political party in the township. The lower court found that there was no intention by this action to separate him from his position; that there was no interruption in service; that this purported resignation had no legal effect on his civil service status. With this, we agree. While no case similar in fact is within our knowledge, the reasoning of this Court in *McCandless Twp. v. Wylie,* 375 Pa. 378, 100 A. 2d 590 (1953) and in *Schearer v. Reading,* 346 Pa. 27, 28 A. 2d 790 (1942), is apropos.

The lower court, in its opinion, declared the ordinance abolishing the office of chief of police was a nullity, having been passed for purely political reasons and as a device to deprive Homer of the protection of the civil service laws. It concluded that the effect of the ordinance was reduction in rank, contrary to the provisions of The First Class Township Code and that the office of chief of police had not been legally abolished. However, the court did not order his reinstatement to the position of chief of police but restricted its order to his reinstatement to the police department with salary in the same amount he received as chief of police. He did not enter an exception of record to this order, nor did he appeal. Counsel for Homer suggest in their brief that the order of the court below was erroneous in not directing his reinstatement to the

office of chief of police, and should be corrected by this Court. In view of the fact that he did not appeal that question is not before us.

Order affirmed.