## Droz v. Borough of Brownstown

*W. L. Coppersmith*, for plaintiff.
*Edward G. Kuyat*, for defendant.

McDONALD, J., April 4, 1967.—This matter is before the court upon appeal of William Droz (herein referred to as "appellant") from his dismissal as a police officer of the Borough of Brownstown, Cambria County (herein referred to as "appellee"). The petition, filed under the Police Tenure Act of June 15, 1951, P. L. 586 PS §811 et seq., alleged that he was improperly dismissed, asked reinstatement and payment of his salary from the date of dismissal. Appellee denies he was dismissed, contending his application for reemployment was not accepted, and further, that he was not a regular full-time police officer and, therefore, not within the protection of the Tenure Act.

After hearing, the court, in an opinion and order, dated April 25, 1966, sustained the appeal and directed his reinstatement. To this order, exceptions were filed and argued before the court en banc. In a per curiam opinion and order dated September 15, 1966, the case was referred to the hearing judge for additional testimony. A hearing was scheduled and both parties rested on the record of the first hearing.

For eight years prior to January 3, 1966, appellant had been employed by appellee as a police officer. He and another officer were on duty for three hours a week, each on a day the chief of police, the only other officer in the borough, was off. While no written instructions were published by appellee, appellant and his fellow officer were instructed they were subject to call at all times, 24 hours a day. On occasions referred to in the testimony, they were summoned by the chief of police to act with him in dangerous situations. Also, they worked during the chief's vacations and two illnesses, and during a three-four week period when appellee was experiencing juvenile problems.

Appellant and his fellow officer performed regular police duties, such as criminal investigations, traffic, firearms and all police calls. They were armed and provided uniforms by appellee. Appellee's exhibit no. 4, a series of monthly reports which appellant and all officers were required to file, indicates he was engaged in regular police work.

Appellant was paid $33 per month, and additional compensation when he substituted for the chief of police. He received no compensation when called out on special assignments. While employed as a police officer, he was also a full-time employe of Bethlehem Steel Company, but had never been called for police duty while at that work.

Each two years, all officers, including the chief of police, submitted a letter of application to council for reemployment. At the meeting on January 3, 1966, when council was reorganized with three newly elected members, three applications, including appellant's, were submitted for the two positions. His application was not accepted. No written charges were made to support a dismissal, and he was not offered a hearing. His position was filled by employment of another applicant.

While it was customary for all police officers of the borough to submit an application for employment each two years, if the provisions of the Tenure Act apply, and appellant is a regular fulltime officer, unfavorable action on his application is, in effect, a dismissal: Deskins v. West Brownsville Borough, 388 Pa. 547.

The sole issue to be decided, therefore, is whether appellant is a "regular full-time police officer" entitled to the protection of the Tenure Act. We conclude that the nature of his employment brings him within the ruling in Petras v. Union Township, 409 Pa. 416 (reported in 28 D. & C. 2d 687), and that he has been dismissed contrary to the provisions of the act.

In Petras, the court has adopted the definition of "full-time employment" as set forth in Harlan v. Washington National Insurance Co., 388 Pa. 88, as follows:

"Full-time employment does not mean full-time pay. It means being available for full employment; and full employment does not mean a hand at the helm throughout the entire voyage; it means standing by to take over when the exigencies of the passage require the application of one's skill acquired over many journeys of the past. . . ." Petras concludes, at page 693, "The test to be imposed therefore, is not the number of days, length of hours, or term of employment but rather whether or not the duties were such that he was 'available for full employment,' that is, on call at any and all times".

The testimony here indicates appellant performed the usual and normal duties of a police officer for a period of eight years. He was subject to call at any and all times during the 24 hours of each day. Appellee disputes this, and relies on the testimony of the other officer, Gehlmann, also employed at Bethlehem Steel, who, as borough fire chief, was on one occasion refused permission to leave his employment when summoned

for a fire. Thus, argues appellee, appellant, while subject to call, would not have been available at any and all times. There is, however, no evidence that he, while similarly employed, would not have been available for police work if called. It is conceivable that an employer would not permit a fireman to leave his work, since undoubtedly many volunteer firemen are employed at the mill, but might permit a police officer to do so.

Several of the witnesses (Mayor Fretzel, Chief of Police Droz, appellant, Gehlmann and Stem, the latter two, witnesses for appellee) agree that appellant, and others employed in the same position, were subject to call at all times.

While some doubt may have been cast on appellant's availability because he had other employment, there is no testimony to indicate he was not available at all times when called. On the contrary, testimony indicates he had always been available for all calls. While there is testimony he was never called while at his other employment, we cannot conclude from this he was unavailable to perform his duties at any and all times. In fact, when required, his stated hours of employment were lengthened, and he and the other officer similarly employed were on duty during illnesses of the chief of police, and at times when appellee experienced juvenile problems. This was in addition to the six or seven calls made by the police chief each year for additional help on cases.

Brownstown is a small borough whose police work normally can be handled by one officer on duty. However, to allow that officer time off and provide service around the clock, it is necessary to employ and train other officers who are on call 24 hours a day, in addition to stated working hours each week. Understandably, they must supplement their income by employment elsewhere. However, other employment does not determine they are thereby unavailable when called,

especially, as here, where there is no evidence so indicating. In our view, the Act of 1951, in addition to providing job tenure, enables a small municipality to recruit qualified officers who gain valuable experience and training because their tenure is protected and they may not be removed at will and without cause.

There is no doubt appellant was a "regular" police officer. His eight years of service and performance of the usual and normal duties of a police officer, as distinguished from casual employment or employment for special circumstances and unusual conditions or emergencies, would indicate this. The definition of "full-time" in Webster's New International Dictionary (2d ed.), page 1018, is as follows: "The amount of time considered the normal or standard amount for working during a given period, as, a day, week, or month". This definition is consistent with that found in Petras and in Harlan v. Washington National Insurance Company, supra, with a further refinement that it does not mean a full-time pay, but does require availability for full employment. Thus, the position here required a stated amount of time be worked each week, and in addition, that appellant be available and on call at any and all times. A similar conclusion was reached in Bakkensen v. John Hancock Mutual Life Insurance Co., 222 Ore. 484, 353 P. 2d 558, where the question arose in the interpretation of a disability insurance policy which defined an insured as a "full-time employee". In that case, plaintiff was employed seasonally as a fire watcher and only worked when called. The court, in affirming a judgment against defendant, adopted the definition in Harlan v. Washington National Insurance Company, supra, and held that plaintiff was a full-time employe, since he was required to be available for work during the term of his employment.

We are satisfied appellant's employment fulfills the definition of "regular full-time police officer", and while he may only have worked a few hours each week, he was available and subject to call at any and all times. His employment was not casual or for special circumstances and unusual conditions or emergencies. We conclude, therefore, he is entitled to the protection of the Police Tenure Act, and if his employment is to be terminated, appellee must comply with the requirements of the act; i.e., it must provide a written statement of charges and a public hearing if demanded.

Accordingly, we make the following order:

### ORDER

Now, April 4, 1967, after hearing and upon consideration of the record and briefs, the appeal is sustained and the Borough of Brownstown is hereby ordered and directed to reinstate William Droz as police officer, and to pay him the salary due him as such from the date of his suspension to the date of his reinstatement.

### OPINION SUR EXCEPTIONS TO THE COURT'S OPINION AND ORDER

McDONALD, J., July 12, 1967.—This matter is before the court en banc upon exceptions of the Borough of Brownstown (herein referred to as "appellee") to the opinion and order of this court dated April 4, 1967, which ordered and directed the reinstatement of William Droz (herein referred to as "appellant") as a police officer of appellee and that he be paid the salary due him from the date of his suspension to the date of his reinstatement.

Appellee excepts to the court's findings (1) that appellant was a regular full-time police officer; (2) that he was subject to call at any and all times; (3) that it must comply with the requirements of the Police Tenure Act of June 15, 1951, P.L. 586, 53 PS

§811, et seq., and, (4) that appellant was available at all times for his police duties. Appellee further excepts to the order directing reinstatement and payment of appellant's salary during suspension.

The opinion accompanying the order of April 4, 1967, fully sets forth the facts and the applicable law. We are satisfied that appellant was a "regular full time police officer", available and subject to call at any and all times. His employment was not casual, or for special circumstances and unusual conditions or emergencies. We conclude, therefore, under the ruling in Petras v. Union Township, 409 Pa. 416, reported in 28 D. & C. 2d 687, that he is entitled to the protection of the Police Tenure Act, and if his employment is to be terminated, appellee must comply with the requirements of the act.

In our opinion, the exceptions to the opinion and order of court are without merit and must be dismissed.

ORDER

Now, July 12, 1967, after argument and upon consideration of the record and briefs, the exceptions of the Borough of Brownstown to the opinion and order of April 4, 1967, are hereby dismissed.