Yatzor *v.* Washington Township Commissioners.

Argued February 22, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Louis Vaira,* for appellant.

*James F. Toohey,* with him *Quinn, Plate, Gent, Buseck and Leemhuis,* for appellees.

OPINION BY JUDGE KRAMER, April 27, 1972:

The instant appeal is again before this Court as a result of a November 18, 1971, Order of the Supreme Court vacating an Order of this Court issued on July 30, 1971. This Court, on the latter date, quashed the appeal of Mike Yatzor (appellant) for the reason that the appeal was not timely filed. The Order of the Supreme Court vacating the Order of this Court included the instruction that we now hear the appeal upon its merits.

To facilitate an understanding of the issues herein involved, we find it useful to set forth a chronology and sequence of facts.

On April 9, 1962, appellant was hired by the Supervisors of Washington Township (appellees), Erie County, to serve in the capacity of part-time police officer. The Township did not pass a formal resolution confirming appellant's appointment. Appellant was paid on an hourly basis and served the Township in this part-time capacity until 1965. On January 9, 1965, the Township Supervisors passed a formal resolution hiring appellant to serve as a part-time police officer for the year 1965, at a salary of one hundred dollars per month. The record discloses that appellant pursued, concurrently, another vocation during the years 1962 through 1966. The court below properly found that appellant had "another employment" which was his "main source of income" and "which made him

unavailable for police work at least three, and sometimes four, days a week." Appellant owned a tractor which he leased to and drove for a motor freight company. This primary employment took him away from the Township regularly on trips which entailed as much as eight hours of driving time. It is fair to point out that throughout appellant's term of service he worked regularly as a policeman on Fridays, Saturdays and Sundays. On all other days, however, he accepted calls only at times when he was available, and this was with no regularity. The important point here is that the lower court properly found that he was ordinarily unavailable for police work "at least three and sometimes four days a week."

Appellant continued to serve in this manner until January 7, 1967, at which time he was informed that inasmuch as no motion had been made before the Township Supervisors extending his employment through 1967, his services were no longer "needed." No formal resolution of dismissal was passed by the Township Supervisors. In a letter to the Township Supervisors dated March 21, 1967, appellant requested a hearing on the matter of his dismissal. No hearing before the Supervisors was convened.

On August 3, 1967, appellant filed an appeal to the Court of Common Pleas, Erie County, based upon the Police Tenure Act, Act of June 15, 1951, P. L. 586, as amended, §1 *et seq.*, 53 P.S. §811 *et seq.* On that same day the lower court ordered that there be issued a Rule to Show Cause why appellant should not be reinstated. An answer was filed, depositions were taken, briefs were filed, and the arguments were entertained by the court. Appellant complains that he was not given a formal hearing, but the record does not disclose that he ever asked for one until the matter was on appeal. Apparently appellant's counsel, at the time of the pro-

ceeding before the lower court, was satisfied to submit the case on depositions. On May 15, 1970, the lower court dismissed the petition and "appeal." Appellant then filed an appeal to the Supreme Court on August 7, 1970, followed thereafter by the filing of a Motion to Quash the Appeal, filed by the Township Supervisors on August 21, 1970. The Supreme Court transferred and remitted the appeal and the Motion to Quash said appeal to this Court on November 19, 1970. This Court filed its Order and Opinion on July 30, 1971, quashing appellant's appeal on the grounds that the appeal was not timely taken. Appellant filed an Allocatur Petition to the Supreme Court, and on November 18, 1971, the Supreme Court entered an Order vacating the July 30, 1971, Order of this Court and remanded the case to us for a dispostion on its merits.

The crucial issue to be considered in this appeal is whether appellant, in his capacity as police officer in Washington Township, comes within the coverage of the Police Tenure Act, 53 P.S. §811 *et seq.*, particularly §812 thereof. The Act reads: "No person employed as a *regular full time police officer* in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: . . . A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed." (Emphasis added) In the event that appellant's argument, that he was included within the statutorily protected class, is warranted, there is little doubt that he has suffered the deprival of the rights and protections guaranteed therein. We are, however, of the opinion that appellant's inclusion within the

statutorily protected class would constitute a misinterpretation of the statute. The key words in the statute, for this case, are "regular full time police officer."

The Supreme Court in construing the term "regular full time police officer" as used within the Police Tenure Act, 53 P.S. §811 *et seq.*, spoke in the case of *Deskins v. West Brownsville Borough,* 388 Pa. 547, 550, 131 A. 2d 101, 102 (1957), where the Court held:

". . . We believe that by the phrase 'regular [full time] . . . police officer' the legislature meant to refer to the nature of the job held and the character of the work performed rather than the length of service contracted for.

"The legislature recognized that boroughs and other municipalities may require police officers for casual employment on account of special or temporary circumstances, unusual conditions, and emergencies. Employes so hired would not be protected by the Act under this test. But when the post and the duties thereof are normal ones in the administration of the municipal policing function, the tenure protection of the Act shields the employe."

Any doubts as to the intent of the Supreme Court in the above cited case were swept away by the Per Curiam Opinion filed by the Supreme Court in the case of *Petras v. Union Township,* 409 Pa. 416, 187 A. 2d 171, 174 (1963). In that case the Court affirmed an opinion of the Court of Common Pleas of Washington County reported in 28 Pa. D. & C. 2d 687, 693 (1962). The Court of Common Pleas relied upon the case of *Harlan v. Washington,** 388 Pa. 88, 89, 92, 130 A. 2d 140, 143 (1957) and the definition given therein to "full time employment."

---

* This case involved a question of an insurance carrier's liability under a group insurance policy.

"Full-time employment does not mean full-time pay. It means being available for full employment; and full employment does not mean a hand at the helm throughout the entire voyage; it means standing by to take over when the exigencies of the passage require the application of one's skill acquired over many journeys of the past. . . ." The Court of Common Pleas went on further to state that: "The test to be imposed, therefore, is not the number of days, length of hours, or terms of employment but rather whether or not the duties were such that he was 'available for full employment,' that is, *on call at any and all times.*" (Emphasis added) *See also Droz v. Borough of Brownstown,* 43 D. & C. 2d 205 (1967).

It is clear to us, as it was to the lower court, that appellant's status did not come within the coverage of the Police Tenure Act, 53 P.S. 811 *et seq.* The record leaves no doubt that days passed regularly each week wherein appellant was unavailable to carry out his duties. We hold that appellant was not a "regular full-time police officer."

A careful review of the record and considerable research of the legal issues bring us to the conclusion that the Opinion and Order of the lower court must be affirmed.