## Commonwealth v. Georgiana

*I. Lawrence Gelman*, for Commonwealth.

*Coldren & Adams*, for defendant.

FEIGUS, J., July 9, 1974.—This case is before the court en banc upon defendant's motion to quash an appeal of the Commonwealth (Department of Agriculture) from the dismissal of a summary offense involving improper quality of potatoes. The hearing was held on November 30, 1973, and the Commonwealth took its appeal on December 12, 1973.

Prior to the 1968 amendments to the Judiciary

Article of the State Constitution, both the Commonwealth and defendant were granted the right of appeal, upon allowance, in the case of summary offenses under the provisions of article V, sec. 14, of the Constitution of 1874, and the implementing Act of April 17, 1876, P.L. 29, sec. 1.

The Minor Judiciary Court Appeals Act of December 6, 1968, P.L. 1137, sec. 3, 42 PS §3003, provides as follows:

§3003. Summary proceedings

"(a) In all cases of summary proceedings, the defendant, upon conviction by an issuing authority, may appeal to the court of common pleas of the judicial district in which the minor judiciary court is held.

"(b) The defendant shall upon conviction pay to the issuing authority the fine and costs imposed or execute a bail undertaking in the amount of the fine and costs imposed plus twenty-five dollars ($25).

"(c) The appeal from a summary conviction shall be taken within ten days of said conviction by filing with the officer of the common pleas court designated by rule of said court to receive such papers, a notice of appeal and by depositing bail with said officer in the amount of twenty-five dollars ($25), if the fine and costs were paid upon conviction. A dated receipt of the issuing authority bearing his seal shall be evidence of the date of conviction and payment of the fine and costs or entry of bail. The notice of appeal shall be signed by the defendant or his attorney and shall contain the following information:

"(1) The name and address of the defendant,

"(2) The name and address of the issuing authority,

"(3) The name or nature of the charge,

"(4) The date of conviction,

"(5) The fine and costs imposed and if paid, shall so state,

"(6) The amount of bail furnished to the issuing authority, if any, and

"(7) The name and address of the attorney, if any, filing the notice of appeal.

"A copy of the notice of appeal shall within ten days after filing be served upon the issuing authority and the district attorney, or if the summary case was prosecuted privately or by another public official, upon his counsel or such person.

"(d) The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings, the amount of fines and costs and bail received in said case, if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by the defendant, if any; he shall also serve personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant.

"(e) The failure of the issuing authority to file the transcript and other papers of the proceeding as required above shall result in rendering the conviction a nullity and the officer of court with whom the notice of appeal was filed shall, upon praecipe of the defendant, enter a judgment of non pros; upon presentation of a certificate of a judgment of non pros issued by the officer of the court, the issuing authority shall refund to the defendant the fine and costs previously paid and make the appropriate entry upon his records.

"(f) Upon the filing of the transcript and other papers of the proceeding by the issuing authority, the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct."

It will be noted from the foregoing that only defendant has been allowed an absolute right of appeal. It has long been the decisional law of this State that the Commonwealth may not appeal from a verdict of "not guilty" entered in a court of record in a criminal prosecution, be it an indictable or summary offense: Com. v. Ray, 448 Pa. 307; Com. v. Haines, 410 Pa. 601; Com. v. Obenreder, 144 Pa. Superior Ct. 253. In our view, if the Commonwealth is to be afforded an appeal from a dismissal of a summary prosecution, implementing or amendatory legislation is necessary, as the provisions of article V, sec. 9, of the State Constitution are obviously not self-executing: Manheim Twp. School District v. State Board of Education, Pa. 1 Commonwealth Ct. 627.

Finally, the record discloses that the appeal was untimely, since it was not taken within ten days of conviction. We have no power to extend the time without proper cause shown: Luckenbach v. Luckenbach, 443 Pa. 417; Dixon Estate, 443 Pa. 303; Com. v. Yorktowne Paper Mills, Inc., 419 Pa. 363; Mapp v. Philadelphia, 212 Pa. Superior Ct. 319; Ifft v. Hunter, 202 Pa. Superior Ct. 487; Pittsburgh v. Ruffner, 134 Pa. Superior Ct. 192; Yatzor v. Washington Township Commissioners, 5 Pa. Commonwealth Ct. 291; In re Franklin Township, 2 Pa. Commonwealth Ct. 496; Com. v. Dadey, 54 D. & C. 2d 458.


## ORDER

And now, July 9th, 1974, the motion ex parte defendant to quash the appeal is sustained and the appeal is quashed.