**Huntley and Williams v. Boswell Borough (No. 1)**

*Wilbert H. Beachy, III,* for plaintiffs.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.,* September 1, 1981—This case is here on plaintiffs' complaint for declaratory judgment and defendant's answer thereto with new matter.*

Plaintiffs are suspended police officers of defendant borough and seek a decree granting the following relief:

(1) Declaring whether further proceedings as to plaintiff Huntley shall be governed by the Civil Service provisions of the Borough Code (53 §§46171 et seq.) or by the Police Tenure Act (53 PS §§811 et seq.);

(2) Declaring whether further proceedings as to plaintiff Williams shall be governed by the Civil Service provisions of the Borough Code (53 P.S. §§46171 et seq.) or by the Local Agency Law (2 Pa.C.S.A. §§105 and 751 et seq).

Defendant Borough's answer in effect joins in seeking a determination of the applicable statutes as set forth in subparagraphs (1) and (2) above.

Plaintiffs contend that both plaintiffs are entitled to job protection under either the Civil Service provisions of the Borough Code or under the Police

Tenure Act. Defendant contends that plaintiff Huntley is entitled to job protection only under the Police Tenure Act, and that plaintiff Williams' claim to job protection must be determined under the Local Agency Law, and that the proper determination thereunder is that he lacks job protection. The basic issue boils down to determining what police personnel are to be counted as members of the police force within the provisions of the Borough Code and the Police Tenure Act above cited.

From the stipulation between the parties, we ascertain the following

## FACTS

Plaintiff Huntley was employed by defendant as a police officer patrolman on October 11, 1978, and was promoted to chief of police in June, 1979; as patrolman and chief he was paid an annual salary and worked a minimum of 40 hours per week. It is conceded by both parties that Huntley is a regular full time police officer and is covered either by the Borough Code or the Police Tenure Act depending upon the total number of regular full time officers in the force.

Sgt. Donia also works as a paid officer for 40 hours a week during night hours, Monday through Friday. Both parties concede that Sgt. Donia is a regular full time police officer of the borough.

In addition to plaintiff Huntley and Sgt. Donia, six other persons including plaintiff Williams were at the times in question employed in the force. The nature of their employment is detailed in the following paragraphs of the stipulation:

5. In addition to plaintiff Huntley and Sergeant Donia six (6) other persons worked periodically for

the Defendant as police officers whenever plaintiff Huntley and/or Sergeant Donia were unable to work their scheduled shifts due to their illness, their appearance in court, their being away on vacation, their attendance in school, etc.; and during certain scheduled shifts on Friday, Saturday, and Sunday. On both Friday and Saturday nights an offcer worked from 9:00 p.m. until 5:00 a.m. and on Saturdays and Sundays regular shifts were scheduled from 11:00 a.m. to 7:00 p.m. and 7:00 p.m. to 3:00 a.m. and from 11:00 a.m. to 5:00 p.m. to 1:00 a.m., respectively. Plaintiff Williams was one of these persons.

6. Plaintiff Williams was hired by defendant as a patrolman in June of 1979. For his services, Plaintiff Williams was paid by the hour. Initially his hourly rate was $3.50 which was subsequently raised in June of 1980 to $3.75 an hour. In calendar year 1980 plaintiff Williams earned $6,794.59 as gross wages, compensation which reflected service of approximately 1,877 hours during that calendar year or an average in excess of 36 hours per week during calendar year 1980.

7. Plaintiff Williams along with the other five (5) persons also employed by defendant during the times relevant to this case were subject to call by plaintiff Huntley whenever manpower was needed for replacing personnel already scheduled to work or in making up the manpower shifts to be scheduled. Plaintiff Huntley was in control of all scheduling which was posted by the month in advance of the period covered by the schedule. The schedule was both posted by plaintiff Huntley and distributed in copy form by him to the officers whose names appeared on the schedule.

8. In addition, one officer of this remainder had expressed a desire to work only once or twice a

month. Plaintiff Williams and the other officer not otherwise employed were scheduled to work and did work the majority of time when such manpower was needed as set forth in the preceding paragraph for the month of January, 1981. (T8).

9. Other than plaintiff Huntley all other officers employed by defendant were paid on an hourly basis, however, at different rates.

10. All persons hired as police officers by the Defendant were issued at minimum two (2) badges and four (4) to six (6) shoulder patches identifying them as police officers for defendant.

11. Except for administrative functions, all of the Borough's police officers were involved in the same type of patrol function. (T4-5).

Defense counsel has also presented two requests for special relief which are now pending:

(1) A motion for continued hearing to receive evidence concerning plaintiff Williams' employment by defendant, particularly: his availability for full time employment with defendant, his other employment, whether he was on call, and the terms of his hiring by defendant; plaintiff's counsel opposes the motion on the ground that the stipulation adequately states the essential facts.

(2) A petition for an order decreeing that all time from and after February 9, 1981 be excluded from compensation of any future back wages to be paid by the borough to plaintiffs, until final determination of plaintiffs' suit for declaratory judgment, also opposed by plaintiffs.

## DISCUSSION

Our study of the case leads us to the conclusion that there are not sufficient facts in the record for

determination of the primary issue presented, namely, whether the Boswell Borough police force has three or more members, or less than three members, within the meaning of the Civil Service provisions of the Borough Code and the Police Tenure Act, and that defendant's motion for continued hearing must therefore be granted.

That conclusion is based upon the following propositions:

(1) The Borough Code provides certain job protection for police officers except those of "any borough having a police force of less than three members or . . . having three or more members if those members in excess of two are appointed on a temporary basis through a federally funded program" (53 P.S. §46171). The Police Tenure Act provides certain job protection to police officers of a borough "having a police force of less than three members" who are "not subject" to job protection under the Borough Code (53 P.S. §811, see also Shaulis v. Indian Lake Borough, 32 Somerset L. J. 271, 274 [1976]).

(2) Borough police officers covered by the job protection (Civil Service) provisions of the Borough Code are defined as those who are in "a police force organized and operating as prescribed by law, the members of which devote their normal working hours to police duty or duty in connection with the bureau, agencies and services connected with police protection work, and who are paid a stated salary or a compensation for such work by the borough," but "shall not include: (1) Any special police appointed by the Mayor to act in emergencies, (2) Any person appointed solely for parking meter enforcement duties, (3) Any special school

police, (4) Any extra police serving from time to time or an hourly or daily basis, or (5) Any auxiliary policeman appointed under the Act of January 14, 1952 (P.L. 2016)." 53 P.S. §46195.

(3) Borough police officers covered by the job protection provisions of the Police Tenure Act are defined as "regular full time police officer[s]." 53 P.S. §812.

(4) Insofar as this case is concerned, we integrate the definitions set forth in preceding subparagraphs (3) and (4) above, that is, in order to qualify as a member of a borough police force for purposes of determining the size of the force under the above cited job protection statutes, a borough police officer must be regular full time officer within the meaning of the Police Tenure Act who also meets the criteria of Borough Code §1195 (53 P.S. §46195) supra.

(5) Qualifying officers include not only those who actually do police work for the borough regularly and full time (as do plaintiff Huntley and Sgt. Donia in this case), but also any person who by the terms of the contract of hiring must and in fact does hold himself at all times available and in regular and full time readiness to do actual police work whenever called or scheduled, even though he is not in fact called or scheduled to do regular and full time work. See: Yatzor v. Washingtown Township, 5 Pa. Commw. 291 (1972); Petras v. Union Township, 28 D. & C. 2d 687 (1962), affirmed per curiam 409 Pa. 416 (1963); Masemer v. McSherrystown Borough, 34 D. & C. 2d 205 (1967); compare Deskins v. West Brownsville Borough, 388 Pa. 547 (1957).

(6) Although the stipulations seems to qualify plaintiff Williams within the foregoing criteria,

there is such substantial inconsistency between such an interpretation of the stipulation and defense counsel's current allegations in his continuance motion, that we are not satisfied to resolve the case on the basis of the stipulation alone without further evidentiary details. Moreover, although the stipulation is couched in language from judicial opinions dealing with cases such as this, some of the stipulation's language is at least partially conclusory and does not clearly approach the problem of regular and full time readiness and availability in quite the same terms as we have described it in subparagraph (5) supra; at the continued hearing, the evidence should be aimed at clarifying the problem in terms of subparagraph (5).

The petition to suspend time remains under advisement.

### ORDER

Now, September 1, 1981, the case is scheduled for further hearing on the complaint for declaratory judgment and answer thereto on Tuesday, September 15, 1981, at 9:30 a.m., consistent with the foregoing opinion.

---

*Although plaintiffs' complaint is entitled "Petition For Declaratory Judgment," new Rules of Civil Procedure 1601-1604 make declaratory judgment proceedings subject to the equity rules.