472 A.2d 1386

**John H. TEGZES, Appellant,**

**v.**

**TOWNSHIP OF BRISTOL, Appellee.**

**TOWNSHIP OF BRISTOL,**

**v.**

**John H. TEGZES Bristol Township Civil Service Commission, Appellant**

**v.**

**TOWNSHIP OF BRISTOL, Appellant,**

**v.**

**John H. TEGZES, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 26, 1984.

Decided March 15, 1984.

Reargument Denied May 2, 1984.

John M. McClure, Doylestown, for appellant.

Clyde W. Waite, Doylestown, for Township of Bristol.

Thomas E. Timby, Newtown, for Civil Service Comm.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

Appellant, John H. Tegzes, is a police officer employed by Appellee, the Township of Bristol, a first class township in Bucks County. Prior to September 12, 1979, Appellant held the rank of detective. On that date the Board of Commissioners of the Township (hereafter Board) passed a resolution nominating him for the position of chief of police. Appellant indicated that if he was to be chief, he wished to hold the position under civil service status. The Board indicated its agreement and referred him to the Bristol Township Civil Service Commission for noncompetitive testing. This was done pursuant to the First Class Township

Code, Act of June 24, 1931, P.L. 1206, Art. VI, § 638, added by Act of May 27, 1949, P.L. 1955 § 20, 53 P.S. § 55638, which provides as follows:

In the case of a vacancy in the office of chief of police or chief of the fire department or equivalent official, the township commissioners may nominate a person to the commission. It shall thereupon become the duty of the commission to subject such person to a non-competitive examination and if such person shall be certified by the commission as qualified he may then be appointed to such position and thereafter shall be subject to all the provisions of this subdivision.

The Civil Service Commission conducted a non-competitive examination and certified on December 18, 1979 that Appellant was qualified for the position of chief of police. The Board ratified the appointment at a meeting on December 20. The Board purported to hire Appellant as chief under a two-year contract. However, members of the Board stated at the ratification meeting that they understood Appellant's passage of the examination conferred civil service status on him. The Board treated Appellant and held him out as a civil service employee and gave him all benefits and rights associated with such status.

On January 4, 1982, the Board ordered Appellant demoted to his former rank of detective. It did so on the basis of the expiration of the purported two-year contract. It did not file charges. Appellant challenged the demotion before the Civil Service Commission. The Commission held that Appellant was a civil service employee and could not be demoted without charges being filed. As no charges were filed, the Commission ordered Appellant reinstated as chief. The Court of Common Pleas of Bucks County reversed, holding that because no charges were filed, the Civil Service Commission did not have jurisdiction over the matter. The Commonwealth Court, 73 Pa.Cmwlth. 412, 457 A.2d 1348 affirmed the Order of the Court of Common Pleas. We granted a petition for allowance of appeal.

■ Our review of the actions of a municipal civil service commission is limited. Where a full and complete record is made of the proceedings before a municipal civil service commission, a reviewing court must affirm the adjudication of the commission unless it is in violation of the constitutional rights of the appellant or not in accordance with law, the procedural provisions of the local agency law are violated, or a finding of fact of the commission necessary to support its adjudication is not supported by substantial evidence, Local Agency Law, Act of April 28, 1978, P.L. 202, No. 53, § 5, 2 P.C.S.A. § 754, accord, *Wicker v. Civil Service Commission*, 74 Pa.Cmwlth. 548, 460 A.2d 407 (1983).

Appellant argues that he was a civil service employee and could not be demoted without charges being filed and that the matter was properly decided by the Civil Service Commission. Appellee argues that Appellant's appointment as chief of police was not under civil service, that he was therefore demotable without the filing of charges, and that the Commission had no power to act in regard to a non-civil service employee. This case is governed by that part of the First Class Township Code that deals with appointments of police officers and firefighters, Art. VI §§ 625–650, 53 P.S. §§ 55625–55650. Appointments and promotions may be made "only according to qualifications and fitness to be ascertained by examinations ... as ... provided", § 625, 53 P.S. § 55625. A civil service commission is created in each township where the act applies, § 626, 53 P.S. § 55626. The commission is empowered "to make investigations concerning all matters touching the administration and enforcement of the civil service provisions of ... (the act) and rules and regulations adopted thereunder, § 32, 53 P.S. § 55632. Positions are filled by examinations to determine fitness, § 635, as amended by act of December 4, 1980, P.L. 1101, No. 188, § 2, 53 P.S. § 55635. Examinations are competitive except in the case of an appointment of a chief of a police or fire department or the equivalent. In such case, the township commissioners may nominate an appointee to

the civil service commission. The commission must conduct a non-competitive examination to determine the nominee's fitness for the position § 638, 53 P.S. § 55638. Section 644, as amended by Act of October 4, 1978, P.L. 946, No. 186, § 2, 53 P.S. § 55644, provides that no police officer or firefighter may be suspended, removed or reduced in rank except for certain enumerated causes and that a written statement of charges must be furnished to the employee within five days after being filed with the civil service commission. The enumerated causes are as follows:

> (1) physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violation of any law of this Commonwealth which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty; (6) engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage.

The employee is entitled to a hearing before the civil service commission on demand, § 645, as amended by Act of June 3, 1971, P.L. 133, No. 6, § 1 [§ 509(c)(93) ], 53 P.S. § 55645.

We have held, pursuant to the statute discussed supra, that the chief of police of a first class township is under civil service and must be removed in accordance therewith, *Homer Dismissal Case*, 404 Pa. 184, 170 A.2d 848 (1961). We have made similar decisions under similar statutory provisions. We held under the Police Tenure Act, Act of June 15, 1951, P.L. 586, §§ 1, 2, as amended, 53 P.S. §§ 811 and 812, which applies to all second class townships and all boroughs and first class townships with fewer than three police officers, that a police officer may be suspended or removed only for causes stated, *Deskins v. West Brownsville Borough*, 388 Pa. 547, 131 A.2d 101 (1957). In *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), where a police officer was suspended, it was necessary to file

charges at the time of suspension, Borough Code, Act of February 1, 1966, P.L. (1965) 1656, No. 581, § 1190, as amended, 53 P.S. § 46190.

■ A police officer has a clear legal right to his or her position once it is established that he or she was appointed under civil service procedures, *Gallagher v. Springfield Township Board of Commissioners*, 438 Pa. 280, 264 A.2d 699 (1970). The fact that a police officer is given a contract of employment for a limited term of years does not deprive him or her of civil service status, *Deskins v. West Brownsville Borough*, supra. This principle of law applies to the purported two-year contract in the instant case. The contract was collateral to Appellant's civil service status and did not affect that status. Such a contract could determine only working conditions, notably compensation benefits, hours, etc. It could not affect Appellant's tenure in his position.

■ Appellant's contract was analogous to a collective bargaining agreement negotiated under the Act of June 24, 1968, P.L. 237, No. 111, 43 P.S. § 217.1 et seq. Collective bargaining agreements are for a fixed term of years, and determine terms and conditions of employment during such term but do not affect tenure of police officers who have civil service status by law. Act 111 allows police officers to bargain collectively over "the terms and conditions of their employment, including compensation, hours, working conditions, retirement, and other benefits," § 1, 43 P.S. § 217.1. Although Act 111 permits the Appellant to enter into a fixed term contract to set the terms and conditions of his employment, such contract may not affect his civil service status.

■ In the instant case, it is clearly established that Appellant's appointment as chief of police was in compliance with civil service procedures. Appellant's civil service status is not defeated by the purported two-year contract. The First Class Township Code clearly prohibits his demotion without charges being filed and proper grounds being

established. We further find that the Civil Service Commission's action was within its jurisdiction. Section 632 of the First Class Township Code, quoted supra, gives the commission power over all matters related to the civil service provisions of the code. The commission is specifically empowered to adjudicate the propriety of suspensions, removals, and demotions. Its power is not limited to the hearing of charges when filed, as the Township would have us find. Appellant is aggrieved by the failure of the Board to act in a proper manner in regard to his demotion. As his complaint relates to the propriety of a demotion, it is within the area of the commission's jurisdiction. The commission may hear the complaint of a covered employee who claims to have been suspended, removed, or demoted without proper procedure being followed or proper grounds being established. We will not permit the Township to evade the commission's jurisdiction by unilaterally demoting a civil servant without following the First Class Township Code.

The Order of the Commonwealth Court is reversed and the Order of the Civil Service Commission is reinstated.