522 A.2d 1205

Anthony Famiano, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs February 24, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward C. Harkin*, for appellant.

*Donald T. Petrosa*, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, March 25, 1987:

Anthony Famiano, Appellant, appeals here from an order of the Court of Common Pleas of Delaware County which dismissed his appeal of numerous summary convictions before a District Justice. The common pleas court dismissed Famiano's appeal under Pa. R. Crim. P. 86 since it was not filed within thirty days of his convictions before a District Justice. We affirm.

The essential facts can be summarized as follows. During 1983, Famiano was issued a total of forty-seven citations for violating Ordinance No. 792 of the Borough of Glenolden. Subsection 3 of Glenolden Ordinance No. 792 makes it unlawful to "park, store, or leave any motor vehicle of any kind in a wrecked, junked, stripped or abandoned condition in a place where its presence constitutes a hazard on private property." Trial was held before District Justice Peter P. Tozer on October 11, 1983, after which Famiano was found guilty of twenty of the forty-seven counts of storing junk vehicles in violation of Ordinance No. 792 and he was ordered to

pay a total of $1,145.50 in fines. No appeal was taken from those convictions.

On September 5, 1985, District Justice Tozer held a hearing pursuant to Pa. R. Crim. P. 85 to determine if Famiano was financially able to pay the $1,145.50 in fines. District Justice Tozer determined he was financially able to pay the fines and in fact Famiano paid $300 towards the fines after the hearing. After that hearing, Famiano filed an appeal in common pleas court attacking, not the finding he was financially able to pay the fines, but rather the 1983 convictions. An evidentiary hearing was held in common pleas court on February 4, 1986, after which the common pleas court dismissed Famiano's appeal as untimely. He has subsequently appealed that order to this Court pursuant to Section 762(4) of the Judicial Code, 42 Pa. C. S. §762(4).

Before this Court, Famiano contends that since he received no written notice of the verdict and sentence following the 1983 summary trial and he had no recollection of being told of the verdict, sentence and of his appeal rights, he is entitled to appeal the 1983 conviction *nunc pro tunc*.

We shall deal first with Famiano's contention that he was never advised by District Justice Tozer of the guilty verdict, the sentence, and of his appeal rights. This is entirely a question of fact that was resolved by the common pleas court in its role as fact-finder following an evidentiary hearing. If the common pleas court's finding is supported by substantial evidence, it is binding upon this Court. *Cf. Cariola v. Department of Transportation, Bureau of Traffic Safety,* 66 Pa. Commonwealth Ct. 360, 444 A.2d 827 (1982) (where common pleas court takes evidence and hears matter *de novo*, Commonwealth Court's scope of review of findings of fact is limited to determining whether the findings are supported by substantial evidence).

At the time of Famiano's October 1983 summary criminal trial, former Pa. R. Crim. P. 63[1] governed the procedure utilized by District Justices. Former Pa. R. Crim. P. 63(e) read as follows:

> (e) The verdict and sentence, if any, *shall be announced in open court immediately upon the conclusion of the trial.* (Emphasis added.)

The common pleas court found that District Justice Tozer did announce the guilty verdict as to the twenty citations which are the subject of this appeal as well as the imposition of the fines. That finding is supported by the testimony of District Justice Tozer and Glenolden Police Officer Edward Cooke, both of whom were present at the October 11, 1983 summary trial. Additionally, former Pa. R. Crim. P. 63(f) required the District Justice to advise the defendant of his right to appeal and to a trial *de novo* as well as the time limit for taking an appeal. Both District Justice Tozer and Officer Cooke testified that Famiano was advised of these rights and time limits by District Justice Tozer at the conclusion of the October 11, 1983 hearing. That testimony, which was believed by the common pleas court, constitutes substantial evidence to support the common pleas court's finding that Famiano was advised of the verdict and sentence following the October 11, 1983 trial and duly advised of his appeal rights.

We must also reject Famiano's alternative contention that the District Justice was required to inform him, in writing, of the verdict and sentence following his summary trial. The Rule of Criminal Procedure governing summary trials, both in 1983 and at present, does not require such written notice. To the contrary, former

---

[1] Summary criminal trials are now governed by Pa. R. Crim. P. 83. The pertinent subsections of Pa. R. Crim. P. 83, (e) and (f), are substantially the same as their 1983 counterparts.

Pa. R. Crim. P. 63(e) requires that the verdict and sentence be announced orally following the conclusion of the trial, as does present Pa. R. Crim. P. 83(e). Therefore, the District Justice's failure to provide him with written notice of the verdict and sentence is immaterial since no such written notice was or is required by the Rules of Criminal Procedure in summary criminal cases.

Under both the Rules of Criminal Procedure as they existed at the time of Famiano's 1983 trial, former Pa. R. Crim. P. 67(c), and as they now exist, *see* Pa. R. Crim. P. 86(a), require that an appeal from a summary criminal conviction be filed within thirty days of the conviction. As noted by the common pleas court, a court cannot extend the time for the taking of an appeal. *See e.g. Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A.2d 169 (1971); *Yatzor v. Washington Township Commissioners*, 5 Pa. Commonwealth Ct. 291, 290 A.2d 425 (1972); *Commonwealth v. Georgiana*, 68 Pa. D. & C. 2d 307 (C.P. Fayette 1974). Therefore, the common pleas court correctly dismissed Famiano's appeal.

Having thus disposed of Famiano's contentions, we shall affirm the order of the common pleas court.

## ORDER

Now, March 25, 1987, the Order of the Court of Common Pleas of Delaware County at Summary Appeal No. 409-85, dated February 4, 1986, that dismissed the appeal of Anthony Famiano as untimely, is hereby affirmed.