## Commonwealth v. Jannenga

*James M. Schall, district attorney,* for the Commonwealth.

*Roy L. Jannenga,* in propria persona.

KELLER, *P.J.,* June 3, 1991—On December 6, 1988, Roy L. Jannenga, hereinafter referred to as defendant, was issued a citation for speeding by Trooper Floyd G. McGinnis. On December 14, 1988, the lower portion of the citation was returned to the office of District Justice Betty M. Keebaugh. Defendant remitted the fine and costs, entered a plea of not guilty and requested a hearing be held. The district justice sent defendant notice of his hearing date by ordinary mail on December 15, 1988. On January 9, 1989, a trial was held in defendant's absence; he was found guilty of speeding at 70 mph in a 55-mph zone, fined $65 and ordered to pay costs of $22.50. On that same day, the district justice sent, by ordinary mail, a finding of guilt to defendant informing him of his right to file an appeal within 30 days.

At all times relevant to this cause of action, specifically on or after December 6, 1988, defendant has resided at 212 Alderfer Road, Harleysville, Pennsylvania 19438. Each of the aforementioned

notices were sent to defendant by District Justice Betty M. Keebaugh via ordinary mail to the above address. None of the notices were returned to her by the postmaster.

On November 30, 1990, defendant contacted District Justice Keebaugh to inquire about the status of his case. On December 5, 1990, he wrote a letter to her which confirmed their November 30, 1990, meeting and requested that a hearing be scheduled for the December 6, 1988, citation.

The District Justice responded to defendant's letter on December 7, 1990, via a letter which stated that a trial was properly held in his absence, pursuant to Pa.R.Crim.P. 84.

Thereafter, defendant filed an appeal to this court on January 25, 1991. A rule to show cause was issued to defendant on March 19, 1991. A hearing was held before the undersigned on April 30, 1991. Briefs have been submitted. This matter is now ripe for disposition.

Pursuant to Pa.R.Crim.P. 58(a)(92), defendant properly entered a plea of not guilty when he returned the lower portion of his citation to the district justice's office. Similarly, District Justice Betty Keebaugh scheduled a date and time for the trial and informed defendant and the trooper of the same by mailing the notice by first-class mail to the defendant at 212 Alderfer Road in Harleysville. The notice contained an averment that the defendant deems to have consented to a trial in his absence if he should not appear at the specified date and time. Clearly, the district justice has complied with the notice requirements of Pa.R.Crim.P. 58(B).

Defendant is relying on Pa.R.Crim.P. 80, which, at the time his citation was issued, provided for service of trial notices to be mailed to the defendant at his last known address. This was the course of

action taken by the district justice. However, subsection (b) provides "[w]hen service of a summons has been made by first-class mail and the defendant fails to respond or appear within the time specified by these rules, the issuing authority shall cause service to be made upon the defendant personally or by certified mail, return receipt requested." The comment to the amended Rule 80(b), which became effective July 1, 1989, clarifies the fact that the personal service or certified mail requirement applies only to service of a summons. That comment states:

"Paragraph (b) was amended in 1989 to make it clear that the issuing authority must only provide additional notice to a defendant by personal service or certified mail when a defendant fails to respond to a summons. It is intended that when a defendant fails to appear for trial pursuant to a trial notice served by first-class mail, the issuing authority need provide no further notice, but should proceed to conduct the trial in defendant's absence pursuant to Rule 84."

Despite the fact that the amended rule became effective subsequent to defendant's hearing, it sets forth the intent of the Supreme Court of Pennsylvania, which was to have subsection (b) apply only to the service of a summons. Thus, this rule is not applicable to the case at bar.

Further, Pa.R.Crim.P. 86(a) requires that an appeal from a summary judgment "be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken." Rule 86 is the exclusive means of challenging a summary conviction. See Pa.R.Crim.P. 86(g). Defendant's appeal was filed on January 25, 1991, a time period of two years and 16 days after his summary conviction. Thus, this court

does not have the jurisdiction to decide this case. *Commonwealth v. Bixby,* 45 D.&C. 3d 505 (1987).

It is well-settled that pursuant to section 5504 of the Judicial Code, a court is prohibited from granting an extension of time to appeal, except to grant relief from fraud or its equivalent. *Commonwealth v. Liptak,* 392 Pa. Super. 468, 573 A.2d 559 (1990); see also, *Famiano v. Commonwealth,* 105 Pa. Commw. 79, 522 A.2d 1205 (1987), and *Commonwealth v. Woolbert,* 45 D.&C. 3d 539 (1987). An appeal nunc pro tunc is permitted when defendant demonstrates that "the delay in filing the appeal was precipitated by extraordinary circumstances involving fraud or a wrongful or neglectful act of a court official resulting in injury. . .." Only upon the occurrence of these particular circumstances may the court enlarge the time for appeal. *Commonwealth v. Liptak, supra.* See also, *Commonwealth v. Englert,* 311 Pa. Super. 78, 457 A.2d 72 (1983).

Defendant has not alleged that he was "prevented from appealing by reason of fraud or a wrongful or negligent act of a court official. . ." *Commonwealth v. Englert, supra.* Defendant alleged that he received no notice of the trial. However, the district justice mailed defendant the same via first-class mail. The notice was not returned. Therefore, we may presume it was received by him. No where does defendant allege any wrongdoing by the district justice. Thus, there exists no legal or equitable reason for permitting an untimely appeal. We hereby deny the appeal of defendant.

## ORDER OF COURT

Now, June 3, 1991, the petition of James A. Schall, District Attorney of Fulton County, Penn-

sylvania, to dismiss the appeal of Roy L. Jannenga, defendant, is granted. Defendant is granted exceptions.